## Thornton's Estate

*William F. Fox,* for petitioner.
*G. Carroll Hoover,* for respondent.

HOLLAND, P. J., October 16, 1940.—On June 12, 1940, petitioner, executor of the will of Laura B. Thornton, deceased, filed its petition for authority to sell at private sale 208 East Wood Street, Norristown, to Maria D'Arcangelo for $1,300, the will having authorized and directed the sale of the real estate, but no person being nominated to execute said sale, wherefore, by the provisions of section 28(c) of the Fiduciaries Act of June 7, 1917, P. L. 447, it can be done by the executor under direction of the court.

A rule having been granted on the three parties interested in the proceeds of the sale under the terms of the will, said rule was served upon all except Charles Thornton, who could not be found. On June 24, 1940, Stanford Thornton filed an answer in which he objected to the sale on the ground that it is inadequate. On June 24, 1940, a hearing was had upon the petition and answer.

At the hearing Daniel A. Skelly, a recognized real estate expert, and Jacob Sarshik, the manager of the real estate department of petitioner, testified that $1,300 was a full, fair, and adequate price. Both witnesses testified that, owing to the scarcity of houses available for the occupancy of members of the Negro race, they have to pay a higher rental than white people for the same quality of accommodations. Decedent and her three children are of the Negro race, as are also the present occupants of the house, said occupants now paying a rental of $20 a month.

Mr. Skelly, when asked whether or not a higher rental can be obtained, even for a dilapidated home in a colored district, than can be obtained for the same type of house in a district occupied by white people, replied: "There is no doubt about it that they [colored people] always pay premium rentals." He further stated that the $20 a month now being paid by the colored people occupying the house is a premium rental. Mr. Sarshik corroborated him in this opinion.

Respondent, Stanford Thornton, not only objected to the sale of the property on account of the inadequacy of the price, but stated an additional reason in his testimony at the hearing. We gather from this testimony that he objects to the property being sold to the proposed purchaser, who is a white person, because he feels sure that if the sale is completed the present occupant will be put out of the property. On account of the scarcity of houses available for colored people, he feels that this property will no longer be available to them if sold to this purchaser, and the position that he assumes is as much for the protection of members of his race as the consideration of the price.

Ordinarily, the sole issue before the court at a hearing in a proceeding under this section of the Fiduciaries Act, supra, with which we are now dealing, would be as to the adequacy of the price. However, we are of the opinion that this court cannot ignore this feature of the case introduced by respondent, Stanford Thornton.

Since the hearing, respondent, Stanford Thornton, has presented his petition in which he requests that the property be sold to him at $1,300. This will amount to a slightly higher price than that offered by the first proposed purchaser, as there will be no real estate commission to be paid and deducted from the purchase price if it is sold to him. Furthermore, presumably, if he acquires title to the property, it will still be available with greater certainty to occupancy of colored people. Under all the circumstances we are of the opinion the property should be sold to Stanford Thornton at the price of $1,300.

And now, October 16, 1940, Norristown-Penn Trust Company, executor of the will of Laura B. Thornton, is authorized to sell and convey to Stanford Thornton the property specifically described in the original petition, for the price of $1,300.